### In re EPSTEIN.

(District Court, W. D. Arkansas, E. D. June 24, 1901.)

BANKRUPTCY—COMPENSATION OF TRUSTEE—POWERS OF COURT.

A court of bankruptcy is without authority to allow compensation to a trustee in excess of that fixed by Bankr. Act 1898, § 48a, notwithstanding the fact that such trustee has given his personal time and attention to the business of the estate, and by reason of his business ability has real-

ized from the bankrupt's assets far more than would ordinarily have been obtained.

## In Bankruptcy.

This is an application on the part of the trustee for additional compensation for services performed by him as trustee of the bankrupt estate. From the evidence submitted the court finds the facts to be that in November, 1900, the bankrupt was adjudicated as such, and the petitioner duly elected as trustee. At the time of the adjudication the bankrupt was engaged in the city of Little Rock as a dealer in chinaware, crockery, toys, and ornaments; the latter being a class of goods suitable for the holiday trade. By order of the court the trustee continued the business at retail until after the holidays, and afterwards found a purchaser, who bought the balance of the goods unsold at a very fair price. The trustee, who is a man of fine business ability, devoted almost his entire time to the management of the trust. By reason of his personal attention, probably about 60 per cent. of the goods was sold at retail at a profit, and of the outstandings of the estate about 90 per cent. was collected; while upon the whole it appears reasonably certain that, owing to the splendid business ability of the trustee, about $10,000 more was realized for the estate than would have been had he merely disposed of the goods at public sale, and given no personal attention to the trust.

John M. Moore, W. B. Smith, and M. M. Cohn, for trustee.

TRIEBER, District Judge (after stating the facts as above). The services rendered by the trustee were highly beneficial to the estate, and, if there is any authority whatever for the court to make an extra allowance to him, it should be done. The compensation provided for by the act of congress will be about $50 a month for his services,—services which would be cheap at $250 a month. Section 48a of the bankrupt act provides that:

"Trustees shall receive as full compensation for their services, payable after they are rendered, a fee of $5.00, deposited with the clerk at the time the petition is filed, in each case, except when a fee is not required from voluntary bankrupt, and from estates which they have administered, such commissions on sums to be paid as dividends and commissions as may be allowed by the courts, not to exceed three per centum on the first $5,000.00 or less, two per centum on the second $5,000.00 or part thereof, and one per centum on such sums in excess of $10,000.00."

The general orders in bankruptcy promulgated by Sup. Ct. Rule 35, par. 3 (18 Sup. Ct. ix.), provide:

"Compensation allowed to trustees by the act shall be in full compensation for the services performed by them, but shall not include expenses necessarily incurred in the performance of their duties and allowed upon the settlement of their accounts."

It will thus be seen that the bankruptcy act limits the maximum allowance to be made to a trustee, and the supreme court, by its rules, only provides for expenses necessarily incurred in the performance of their duties. Nothing can be found in the act itself which permits any other compensation to the trustee. No doubt, a great injustice is being done to the trustee in this case, and it is hardly reasonable to suppose that persons competent to manage a large trust would be willing to undertake it for such meager compensation as is allowed by the law. The creditors, for whose benefit this section was no doubt enacted, will be the sufferers; but the courts are powerless to alter or amend the laws. A great many decisions may be found in which the courts have seen proper to

legislate in order to remedy what they thought were defects or hardships in the statutory laws, yet this court does not feel justified to do so, in the face of the constitution of the United States, which vests the lawmaking power exclusively in congress. If the creditors of bankrupt estates desire to secure the services of good trustees, they must appeal to congress to amend the law, and either authorize the courts to allow such compensation as receivers in chancery are allowed for their services in the discretion of the court, or otherwise authorize the creditors at their first meeting, and before the trustee is elected by them, to fix the compensation he is to receive, subject to the approval of the court. In the absence of a provision in the law granting such authority to the courts, they are powerless to exercise any discretion beyond the maximum fees given to the trustee by section 48a of the bankruptcy act.

Counsel have called the attention of the court to the decision of a referee in Re Plummer, 3 Am. Bankr. R. 320, in which the trustee was allowed for just such services as were performed by the trustee in this case a reasonable extra compensation in analogy to the case of a receiver; but, with due deference to the learned referee, he seems to have overlooked entirely the provisions of the constitution which divide this government into three separate departments, and define the powers and duties of each. The learned author of Collier on Bankruptcy ([3d Ed.] p. 294), in reviewing this decision of the referee, says:

"It seems that the opinion of the learned referee in the Plummer Case is based on principles of abstract equity. It is a little doubtful, however, in the light of section 48a of the bankruptcy law, providing that the filing fee and the commissions shall be the only compensation of the trustee, whether it will stand."

The trustee in this case has saved at least $10,000 to the estate; he has given his valuable time and ability to the management of his trust; and, if there were any warrant of law for the allowance of extra compensation to him, the court would cheerfully grant it. But, in view of the specific provisions of the bankruptcy act, the court does not feel that there is any authority of law for such an allowance, and his petition must be disallowed; and it is so ordered.