## In re SCREWS.

### (District Court, S. D. Georgia, W. D. July 23, 1906.)

**1. BANKRUPTCY—TRUSTEES—COMPENSATION—STATUTES.**

Under Bankr. Act Amend. Feb. 5, 1903, c. 847, § 19, 32 Stat. 801 [U. S. Comp. St. Supp. 1905, p. 683], declaring that the provisions of such amendatory act shall not apply to bankruptcy cases pending when the amendatory act took effect, but that such cases shall be adjudicated and disposed of conformably to the provisions of the act of 1898, whether a bankrupt's trustee, who qualified in April, 1901, should obtain additional compensation to that specified in section 48, subd. "a" (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]), must be determined by the original act independent of the amendment.

**2. SAME.**

Bankr. Act July 1, 1898, c. 541, § 48. 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], provides that trustees shall receive, as full compensation for their services, a fee of five dollars deposited with the clerk, and from estates which they have administered, such commissions on sums to be paid as dividends and commissions as may be allowed by the courts, not to exceed 3 per cent. on the first $5,000 or less, etc. General order 35 (3) declares that the compensation allowed to trustees shall be in full compensation for the services performed by them, but shall not include expenses necessarily incurred in the performance of their duties, and allowed on the settlement of their accounts. (89 Fed. xiii, 32 C. C. A. xxxiv). *Held*, that though a trustee rendered meritorious services, and suffered considerable inconvenience in investigating a bankrupt's disposition of his property, etc., no allowance in addition to the fees prescribed could be made therefor.

In Bankruptcy.

James Tift Mann, in pro. per.

SPEER, District Judge. This is an application on the part of a trustee in bankruptcy for special compensation additional to that which is permitted by the letter of the statute creating the uniform system of bankruptcy. The application was referred to the referee, the Honorable Clayton Jones, as special master. He reported that there now remains $168.87 in the hands of the trustee, but no additional dividend will probably be allowed from this sum, and recommends the allowance of the compensation sought. There are no exceptions to this report of the special master, but an examination of the statute with relating precedents will, we think, disclose that such an allowance, however deserved, cannot be justified.

Section 72 of the amendatory act of 1903 (Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 691]) expressly makes such an allowance illegal, in the following language:

"That neither the referee nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act."

While section 48a of the original act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]), relating to the compensation of trustees, has been also changed by the amendatory Act, section 19 of the latter expressly provides:

"That the provisions of this amendatory act shall not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions of the said act of July first, 1898." 32 Stat. 801 [U. S. Comp. St. Supp. 1905, p. 683].

Since this case appears to have been pending since April, 1901, in which month the trustee qualified, the provisions of the old act as construed by the courts must therefore govern here.

Section 48 of the old law is as follows:

"Trustees shall receive, as full compensation for their services. payable after they are rendered, a fee of five dollars deposited with the clerk, * * * and from estates which they have administered, such commissions on sums to be paid as dividends and commissions as may be allowed by the courts, not to exceed three per centum on the first five thousand dollars or less," etc.

General order of the Supreme Court 35 (3), promulgated in 1898, provides:

"The compensation allowed to trustees by the act shall be in full compensation for the services performed by them; but shall not include expenses necessarily incurred in the performance of their duties and allowed upon the settlement of their accounts." 89 Fed. xiii, 32 C. C. A. xxxiv.

It is true that under the old law, in one case (In re Mitchell, 1 Am. Bankr. Rep. 687), the court allowed additional compensation for professional services rendered by the trustee. This case is, however, the opinion of a referee, has been criticised in later cases, and under general principles of law is not regarded as authoritative. It was also held (In re Plummer, 3 Am. Bankr. Rep. 320), that, "where, at the request of creditors, a trustee continued running a live manufacturing plant and giving his personal attention to the business with a profit to the creditors, he should be granted a reasonable extra compensation." But the weight of authority, however, seems to the contrary.

In re Carolina Cooperage Company, 3 Am. Bankr. Rep. 154, 96 Fed. 950, the court held:

"A court of bankruptcy has no power or authority to allow to the trustee any compensation other than the commissions at the fixed rate per cent. established by the statute. It cannot give a lump sum. Neither can it allow the trustee compensation as agent for the performance of services which ordinarily devolve upon the trustee, even though performed by him prior to his appointment."

To the same effect is In re Epstein, 6 Am. Bankr. Rep. 191, 109 .Fed. 878, which, .disapproving the case In re Plummer, supra, holds that:

"The fact that a trustee has rendered services highly beneficial to the estate does not warrant any allowance to him outside of the specific compensation provided by the bankruptcy act and the general orders of the Supreme Court."

It is, moreover, true that the precedents upon this subject are strengthened by the legislative construction afforded by the recent amendment upon this subject. Section 2(5) of the amendatory act of Congress (Act Feb. 5, 1903, c. 487, § 1, 32 Stat. 797 [U. S. Comp. St.

Supp. 1905, p. 682]) provides that receivers who carry on the business of a bankrupt estate as a going concern shall be entitled to "additional compensation for such services, but not at a greater rate than in this act allowed trustees for similar services." It follows that if receivers who perform general services in managing an estate of this character, providing for all its exigencies, are allowed no compensation additional to that granted trustees, when the trustee performs duties, even though equivalent to the services of a receiver, it was not intended by Congress that his own compensation should be enlarged.

And it was also held in a recent case (In re McKenna [D. C.] 137 Fed. 611), that the trustee of a bankrupt, "though an attorney, is not bound to perform legal services, and, if he does so, he cannot have compensation from the estate." The same doctrine is distinctly reiterated in Re Felson (D. C.) 139 Fed. 281. To the same effect is Hill on Trustees, par. 575; Bispham's Equity, p. 92; 2 Pomeroy's Equity Jurisprudence, par. 1084; Collier v. Munn, 41 N. Y. 143. In Perry on Trusts, § 432, the rule is clearly expressed in the following language:

"A trustee can receive no indirect profits from the estate by reason of his connection with it. * * * If the trustees are factors, or brokers, or commission agents, or auctioneers, or bankers, or attorneys, or solicitors, they can make no charges against the trust estate for services rendered by them in their professional capacity to the estate of which they are trustees."

The weight of the views of this eminent law-writer, we think, will be generally conceded.

While it appears from his evidence before the special master that the trustee suffered considerable inconvenience in making long trips by conveyance through the country in the performance of his duties, and exerted commendable efforts in investigating the bankrupt's disposition of his property and the loss of the stock by fire, these services were such as a diligent and conscientious trustee should have performed under a proper construction of his duties prescribed in the bankruptcy act, and the incidental inconvenience should have been considered by him, not subsequently, but prior to his acceptance of the trust.

Notwithstanding the persuasive considerations in favor of such an allowance, in view of the statute and the precedents cited, the petition of this trustee for additional compensation must be disallowed.